IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36908-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL WAYNE HELMS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, A.C.J. — Michael Helms appeals from convictions for second degree possession of stolen property (PSP) and possession of methamphetamine, primarily arguing that the evidence of value was improperly admitted on the PSP count. We agree with that argument, accept the State's concession on that point, and remand for entry of judgment on the inferior degree offense of third degree possession of stolen property.

FACTS

The PSP charge arose from a package-theft "sting" operation. Amazon provided "bait" packages of genuine merchandise that, according to the company, were valued at $1,000 or more. Mr. Helms was arrested after stealing the bait.

At trial, a postal service inspector testified, over a hearsay objection, that Amazon had informed him that the package value exceeded $1,000. The inspector used a

spreadsheet he created himself that contained the items and pricing information provided by Amazon to back the testimony. Although marked as an exhibit, the spreadsheet was not offered into evidence. No other testimony concerning value was offered at trial. The jury convicted Helms on the two noted charges. The court imposed concurrent 24 month sentences.

Helms timely appealed to this court. A panel considered his appeal without conducting argument.

ANALYSIS

Second degree possession of stolen property, as charged here, requires proof that the value of the item(s) unlawfully possessed exceeded $750. RCW 9A.56.160(1)(a). As the parties properly note, the sole evidence of value admitted at trial was the challenged testimony of the postal inspector. The parties also properly agree that the testimony was admitted in error. Since the testimony constituted the sole evidence of value, the error was prejudicial.

When improperly admitted evidence prejudices a defendant, the remedy is to reverse the conviction and remand for a new trial. *E.g.*, *State v. Scott*, 151 Wn. App. 520, 530, 213 P.3d 71(2009). Here, however, the parties both ask that we remand for entry of judgment on the inferior degree offense of third degree possession of stolen property. In the interests of judicial economy (since the parties could reach the same result by entering

2

No. 36908-1-III
*State v. Helms*

into a plea agreement on remand), we accept the request and remand for the trial court to enter judgment on the charge of third degree possession of stolen property.

The conviction for second degree possession of stolen property is reversed and the count is remanded for the trial court to enter judgment on a charge of third degree possession of stolen property.[1]

Affirmed in part, reversed in part, and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Siddoway, J.

---

[1] This necessitates that he also be resentenced on his unchallenged conviction for possession of methamphetamine.

3